UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOROTHY LISA MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BEXAR COUNTY SHERIFF'S DEPT., | § | SA-11-CV-0975 OG |
| Support Division, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This order addresses plaintiff Dorothy Lisa Miller's motion for appointment of counsel. Miller seeks to sue a former employer, Bexar County Sheriff's Department, Support Division. Miller's pleadings indicate she once worked part-time for the Sheriff's Office, executing civil warrants and providing security during community events. Miller asked the court to appoint an attorney to represent her.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."[1] In considering a plaintiff's request for counsel in an employment discrimination case, the court considers the following factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the

---

[1] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).

plaintiff's financial ability to retain counsel."[2]

**The merits of Miller's claims**.  Miller's claims are not complex.  Miller alleged that she was terminated because of her gender.  Miller complained about an incident that occurred on April 11, 2011, when she arrived late to a parade event.  Miller explained that she had previously notified her superiors about the time she would arrive.  She reported that a lieutenant working in the same area intimidated her by preventing her from taking a bathroom break, yelling at her in public, and shouting at her to leave.  She stated that a male officer who arrived late was not terminated.  Miller also reported that the lieutenant asked her out several times.  While these allegations may reflect gender discrimination, they also suggest a personal conflict between Miller and the lieutenant.  Miller's allegations also suggest she was terminated for tardiness.  Even if Miller establishes a prima facie case of gender discrimination, she must present substantial evidence that the defendant's reason for terminating her was pretext for gender discrimination.[3]

To the extent Miller relies on the lieutenant's interest in her as sexual harassment, Miller must prove conduct that is sufficiently severe or pervasive so as to alter the

---

[2]*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

[3]*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).

conditions of employment and create an abusive working environment.[4]  "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."[5]  What Miller described is insufficient under this circuit's precedents.  Consequently, the merits of Miller's claim weigh against appointing an attorney.

**Miller's efforts to obtain counsel**.  Miller indicated she contacted three attorneys about representing her in this lawsuit.  This factor weighs neither for nor against appointing an attorney.

**Miller's financial ability to retain counsel**.  Miller asked to proceed in forma pauperis.  I granted that request, but I am mindful of provisions for an attorney's fee for a prevailing party in an employment discrimination lawsuit.[6]  The provisions enable an attorney to represent a plaintiff who has a meritorious claim, but few financial resources.  In light of this provision, this factor weighs neither for nor against appointing counsel.

**Conclusion**.  The balance of applicable factors weighs against appointing an

---

[4]*Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

[5]*Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999).

[6]42 U.S.C. § § 2000e-5(k) & 12205.

attorney.  For that reason, and because the law and burdens in regard to claims alleging unlawful employment discrimination are well-settled, I DENY the motion for appointment of counsel (docket entry # 2).

**SIGNED** on December 19, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE